IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
|     *Plaintiff,* § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 7:21-cv-00007 |
| § | | |
| 24.263 ACRES OF LAND, MORE OR LESS, § | | |
| SITUATE IN HIDALGO COUNTY, STATE § | | |
| OF TEXAS, HIDALGO AND CAMERON § | | |
| COUNTIES WATER CONTROL AND § | | |
| IMPROVEMENT DISTRICT NO. 9, § | | |
|     *Defendants*. § | | |

**PLAINTIFF'S UNOPPOSED MOTION FOR A CONTINUANCE OF THE JOINT DISCOVERY/CASE MANAGEMENT PLAN AND THE INITIAL PRETRIAL AND SCHEDULING CONFERENCE PURSUANT TO FED. R. CIV. P. 26(f)**

Plaintiff, United States of America, by and through the undersigned Assistant United States Attorney for the Southern District of Texas, respectfully moves for a continuance of the filing of a Joint Discovery/Case Management Plan and the Initial Pretrial and Scheduling Conference scheduled for April 7, 2021. This is the first continuance sought by either party in this action.

### I.    BACKGROUND

1. The United States commenced this case on January 6, 2021 by filing the Declaration of Taking, which sought to acquire fee simple interest in property identified as RGV-WSL-9002-1.[1] On January 13, 2021, the United States deposited $131,284.00 in the registry of the Court as estimated just compensation.[2] Upon deposit of the estimated just compensation, title to

---

[1] Dkt. No. 2.
[2] Dkt. No. 5 at 1.

the tract identified as RGV-WSL-9002-1 vested in the name of the United States by operation of law.[3]

## II.   RELIEF REQUESTED

2.   The United States requests that the Court continue the filing of the Joint Discovery/Case Management Plan and the Initial Pretrial and Scheduling Conference as it will not prejudice any party of this case. Rather, the United States believes the continuance sought herein will preserve judicial and party resources based on the following reasons:

a. This is a federal land condemnation action seeking to acquire property in order "to construct, install, operate, and maintain roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures designed to help secure the United States/Mexico border within the State of Texas."[4]

b. On January 20, 2021, President Joseph R. Biden executed a Presidential Proclamation, terminating the national emergency at the Southern Border Wall and directing "a careful review of all resources appropriated or redirected to construct a southern border wall" through the development of "a plan for the redirection of funds concerning the southern border wall." [5]

c. The development of a plan for the redirection of funds concerning the southern border

---

[3] Upon the filing of the Declaration of Taking and depositing the estimated compensation in the Registry of the Court, the following events occur by operation of law: "(1) title to the estate or interest specified in the declaration vests in the Government; (2) the land is condemned and taken for the use of the Government; and (3) the right to just compensation for the land vests in the persons entitled to the compensation." 40 U.S.C. § 3114(b); see E. Tennessee Nat. Gas. Co. v. Sage, 361 F.3d 808, 825 (4th Cir. 2004) (in a Declaration of Taking Act case, "[t]itle and the right to possession vest in the government immediately upon the filing of a declaration and the requisite deposit.").
[4] Dkt. No. 2, Schedule B.
[5] Pres. Proc. No. 10142, 86 Fed. Reg. 7225 (Jan. 20, 2021), https://www.whitehouse.gov/briefing-room/presidential-actions/2021/01/20/proclamation-termination-of-emergency-with-respect-to-southern-border-of-united-states-and-redirection-of-funds-diverted-to-border-wall-construction/.

wall was expected within 60 days from the date of the proclamation.[6] The 60 days have now passed, and the United States and landowner Defendant, Hidalgo and Cameron Counties Water Control and Improvement District No. 9 ("HCCID9") have mutually agreed to take no action until the position of the United States is determined. The parties have taken this posture in large part due to HCCID9's request for the United States to revest title to the estate taken in this case[7] if determined that the property taken is not needed for purpose taken after completion of the redirection of funds.

3. Based on the foregoing, the United States requests that the Court grant this motion and enter an order continuing the filing of the Joint Discovery/Case Management Plan and the Initial Pretrial and Scheduling Conference for at least 60 days.

        Respectfully submitted,

        **JENNIFER B. LOWERY**
        Acting United States Attorney
        Southern District of Texas

By:   *s/ Baltazar Salazar*
        **Baltazar Salazar**
        Assistant United States Attorney
        Attorney-in-Charge
        S.D. Tex. ID. No. 3135288
        Texas Bar No. 24106385
        **UNITED STATES ATTORNEY'S OFFICE**
        **SOUTHERN DISTRICT OF TEXAS**
        600 E. Harrison, Suite 201
        Brownsville, Texas 78520
        Telephone: (956) 983-5067
        Facsimile: (956) 548-2775
        Email: Baltazar.Salazar@usdoj.gov

---

[6] *Id.*

[7] *See* 40 U.S.C. § 3117 ("In any condemnation proceeding brought by or on behalf of the Federal Government, the Attorney General may stipulate or agree on behalf of the Government to exclude any part of the property, or any interest in the property, taken by or on behalf of the Government by a declaration of taking or otherwise.").

## CERTIFICATE OF CONFERENCE

On March 25 and 26, 2021, the undersigned counsel contacted Lance Kirby, attorney for Defendant Hidalgo and Cameron Counties Water Control and Improvement District No. 9, who advised that Defendant is unopposed to the instant motion.

*s/ Baltazar Salazar*
**Baltazar Salazar**
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on March 26, 2021, a copy of the foregoing motion was served on counsel for Defendant via email correspondence.

*s/ Baltazar Salazar*
**Baltazar Salazar**
Assistant United States Attorney